SOUTHERN DISTRICT OF MISSISSIPPI
FILED
OCT 16 2007
J.T. NOBLIN, CLERK
BY ____________ DEPUTY

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**JACKSON DIVISION**

MARGARET WILLIAMS,

Plaintiff,

v.

DAVOL INC., a DELAWARE CORPORATION, and C.R. BARD, INC., a NEW JERSEY CORPORATION

Defendants.

Civil Action No.: 3:07cv615DPJ-JCS

**DEFENDANT DAVOL INC.'S AND DEFENDANT C.R. BARD, INC.'S**
**<u>NOTICE OF REMOVAL</u>**

To: Wayne Dowdy
Dowdy & Cockerham
Attorneys at Law
215 East Bay Street
Post Office Box 30
Magnolia, Mississippi 39652

ATTORNEY FOR PLAINTIFF, MARGARET WILLIAMS

Roger A. Graves
Pike County Circuit Clerk
Post Office Drawer 31
Magnolia, Mississippi 39652-0031

PIKE COUNTY CIRCUIT CLERK

Defendant Davol Inc. and Defendant C. R. Bard, Inc. ("Defendants"), by and through undersigned counsel, hereby remove the above-captioned matter from the Circuit Court of Pike County, Mississippi, to the United States District Court for the Southern District of Mississippi, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. In support of removal, Defendants respectfully state:

1. Plaintiff filed this action in the Circuit Court of Pike County, Mississippi, on September 7, 2007, where it was assigned Cause No. 07-245-PCT. Defendant Davol and Defendant Bard were each served on September 20, 2007.

2. As more fully set forth below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Defendants have satisfied the procedural requirements for removal, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1441(a).

## I. Defendants Have Satisfied the Procedural Requirements for Removal

3. Removal is timely. Defendants were each served with a copy of the Complaint on September 20, 2007. *See* copy of all process, summons, and complaint served on Defendants, which are attached hereto as Ex. "A". This Notice of Removal is being filed within 30 days of the first date on which Defendants received a copy of the Complaint through service and is thus timely pursuant to 28 U.S.C. § 1446(b).

4. Venue is proper. The Circuit Court of Pike County, Mississippi is located within the Southern District of Mississippi, Jackson Division, and, therefore, venue is proper in this Court pursuant to 28 U.S.C. § 104(b)(1) because it is "the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

5. No further proceedings have been had in the state court action.

6. No previous application has been made for the relief requested herein.

7. A file-stamped copy of this notice is being filed in the Circuit Court of Pike County, Mississippi, and being served on Plaintiff and gives them notice of this removal as required by 28 U.S.C. §1446(d).

## II. Removal is Proper in This Case

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000 exclusive of costs and interest.

### A. Complete diversity exists between Plaintiff and Defendants.

9. Plaintiff is a resident of Pike County, Mississippi. (Compl. ¶ 1.)

10. Davol and Bard are, and have been at all relevant times, corporations incorporated under the law of the states of Delaware and New Jersey respectively, with their principal places of business in Rhode Island and New Jersey respectively. For purposes of determining jurisdiction pursuant to 28 U.S.C § 1332(c)(1), therefore, Davol and Bard are not citizens of the state of Mississippi. (Compl. ¶¶ 2 & 3.)

### B. The amount in controversy requirement is satisfied.

11. Although Defendants deny Plaintiff's claims, and although Plaintiff seeks an unspecified amount in damages, Defendants believe in good faith that more than $75,000 is in controversy, and therefore the amount-in-controversy requirement of 28 U.S.C. § 1332(a) has been met. Plaintiff's claims sound in product liability and seek recovery for personal injuries allegedly caused by a defective medical device, the Composix® Kugel® hernia repair patch, that was manufactured and sold by Davol and used in conjunction with Plaintiff's hernia repair. (*See* Compl. ¶¶ 5-6.) Plaintiff alleges that due to its allegedly defective design the, Composix® Kugel® hernia patch failed, causing Plaintiff "great pain, and [Plaintiff] will continue to suffer great physical pain and mental anguish." (*Id.* ¶ 14. *see also id.* ¶ 26.) Plaintiff also alleges that she has developed serious complications requiring "several surgeries and which will require

subsequent, painful and unnecessary removal surgery of her [Composix®] Kugel[®] Patch." (*Id.* ¶ 29.) Plaintiff seeks recovery "for actual and punitive damages." (*See* Compl. "Prayer".)

12. The amount-in-controversy requirement is easily met here because the types of injuries alleged in Plaintiff's Complaint, in combination with Plaintiff's compensatory damages allegations, make it "facially apparent that the claims are likely above" the requisite amount-in-controversy. *See, e.g., Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995); *Evans v. Yum Brands, Inc.*, 326 F. Supp. 2d 214, 221 (D.N.H. 2004) (denying remand where, "[o]bjectively viewed, [the plaintiff's] claims for her [injuries] and the loss of consortium and emotional distress . . . could be valued at $75,000 or more"). In fact, other plaintiffs have brought similar product liability actions against Davol and Bard in the Fifth Circuit, including the Northern District of Mississippi, and thus expressly pleaded an amount-in-controversy in excess of $75,000. *See, e.g., Scott v. C.R. Bard, Inc. and Davol Inc.*, No. 07-cv-211 (N.D. Miss.) (Ex. "B"); *Cavazos v. C.R. Bard, Inc. and Davol Inc.*, No. 07-CV-1394 (S.D. Tex.) (Ex. "C"); *see also See In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272, 295-96 (S.D.N.Y. 2001) (looking to other suits involving the same product to resolve amount-in-controversy inquiry). Further, federal courts in analogous cases have held that the amount-in-controversy threshold is met because, as here, "the complaint . . . does not preclude recovery in excess of $75,000." *In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d at 296.

WHEREFORE, Defendants respectfully remove this action from the Circuit Court of Pike County, Mississippi to this Court pursuant to 28 U.S.C. § 1441. Plaintiff is

notified to proceed no further in state court unless by order of the United States District Court for the Southern District of Mississippi, Jackson Division.

Dated: October 16, 2007

Respectfully submitted,

DAVOL INC., and C.R. BARD, INC.

WATKINS & EAGER PLLC

BY: [signature]

ROBERT H.PEDERSEN

Mildred M. Morris (MSB No. 3492
Ronald E. McMillan (MSB No. 10712)
Robert H. Pedersen (MSB No. 4084
WATKINS & EAGER PLLC
The Emporium Building
400 East Capitol Street, Suite 300
Post Office Box 650
Jackson, Mississippi 39205
(601) 965-1900

ATTORNEYS FOR DAVOL INC. and C. R. BARD, INC.

**CERTIFICATE OF SERVICE**

I, ROBERT H. PEDERSEN, do hereby certify that I have caused to be served via United States mail, postage prepaid, a true and correct copy of the above and foregoing to:

Wayne Dowdy, Esq.
Dowdy & Cockerham
215 East Bay Street
P.O. Box 30
Magnolia, Mississippi 39652

ATTORNEY FOR PLAINTIFF

Roger A. Graves
Pike County Circuit Clerk
Post Office Drawer 31
Magnolia, Mississippi 39652-0031

PIKE COUNTY CIRCUIT CLERK

This the 16th day of October, 2007.

BY: [signature]
Robert H. Pedersen