IN THE CIRCUIT COURT OF PIKE COUNTY, MISSISSIPPI

MARGARET WILLIAMS PLAINTIFF

VS. CAUSE NO. 07-245-PCT

FILED
PIKE COUNTY, MISS.
SEP 07 2007
ROGER A. GRAVES
CIRCUIT CLERK
BY

DAVOL, INC., a DELAWARE CORPORATION, and C.R. BARD, INC, a NEW JERSEY CORPORATION DEFENDANTS

COMPLAINT

JURY TRIAL DEMANDED

COMES NOW the Plaintiff, Margaret Williams, who files her Complaint against the Defendants, Davol, Inc., a Delaware corporation, and C.R. Bard, Inc., a New Jersey corporation, and in support of her Complaint, she would show the following:

JURY TRIAL DEMAND

The Plaintiff requests a jury trial in this case.

1. The Plaintiff is an adult resident citizen of Pike County, State of Mississippi.

2. The Defendant, Davol, Inc., is a corporation incorporated under the laws of the State of Delaware, which is transacting business within the State of Mississippi, and whose registered agent for service of process is CT Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

3. The Defendant, C.R. Bard, Inc., is a corporation incorporated under the laws of the State of New Jersey, which corporation is transacting business within the State of Mississippi. It's registered agent for service of process is CT Corporation System, 645

Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

4. The Defendant, Davol, has its principal place of business in the State of Rhode Island, where it manufactures the Composix Kugel Mesh Patches ("Kugel Patch"), and it also manufactures other products and surgical supplies, including hernia repair, hemostasis, orthopedics, and laparoscopy. The Defendant Bard is the corporate parent and stockholder of Davol and participates in the manufacture and distribution of the Kugel Patch. Bard manufactures and supplies Davol with material that forms part of the Kugel Patch.

5. The Defendant, Davol, designed, manufactured and distributed the Kugel Patch, a hernia mesh patch that was inserted into the Plaintiff's body.

6. The Defendant, Davol, though its agents, servants, and employees, participated in the manufacture and delivery of the Kugel Patch that was inserted into Plaintiff's body.

7. The Defendants submitted their 510k application to the Federal Drug Administration on January 22, 2001. Following its application, the Kugel Patch was authorized by the FDA as a Class II medical device.

8. On May 14, 2003, Plaintiff underwent surgery to repair an incisional hernia. A 10"x13" Kugel Patch; Lot No. 43CND252, was used to repair the defect.

9. The Kugel Patch hernia repair product implanted in Plaintiff was designed, manufactured, sold and distributed by Davol to be used by surgeons for hernia repair surgeries, and was further represented by Davol to be an appropriate, cost-effective and suitable product for such purpose.

10. For an extended period following the surgery, the Plaintiff developed abdominal tenderness, severe pain, and infections at the sight of her incisional hernia repair. Because the device had not been recalled, Plaintiff was advised that she was suffering from infection.

11. In 2006, Plaintiff learned that she had been suffering from a broken mesh and recurrent hernia.

12. On December 22, 2005, Davol recalled many sizes of Kugel Patches under an FDA Class I recall notice. The Plaintiff was not aware of the recall until she was told in 2006, that she was suffering from a broken mesh.

13. The Kugel Patch was recalled due to a faulty "memory recoil ring" that can break under pressure, and Plaintiff has been advised that her device broke for this reason.

14. The Plaintiff has, because of the defective Kugel Patch, and its "memory recall ring" undergone several surgical procedures, has suffered great pain, and will continue to suffer great physical pain and mental anguish. She has incurred substantial medical bills.

15. Upon information and belief, Plaintiff asserts that Davol and Bard failed to comply with the FDA application and reporting requirements.

16. Upon information and belief, Davol and Bard were aware of the high degree of failure associated with their Kugel Patch, and its "memory recoil ring" before it was recalled.

17. Upon information and belief, Davol and Bard were aware of the defect in

manufacture and design prior to the recall of their Kugel Patch and its "memory recoil ring"

COUNT I

18. Plaintiff re-alleges and incorporates by reference each and every allegation contained in preceding paragraphs as though fully set forth herein.

19. Defendants Davol and Bard were negligent regarding the Kugel Patch surgically implanted in the Plaintiff in the following respects:

20. Davol and Bard at all times had all times had a duty to properly manufacture, test, inspect, and provide proper warnings, and prepare for use in the general public the Kugel Patch and its "memory recoil ring".

21. Davol and Bard at all times knew or in the exercise of reasonable care should have known that the Kugel Patches were of such a nature that is they were not properly manufactured, tested, inspected, with the proper warnings, they were reasonably likely to injure Kugel Patch users, including the Plaintiff.

22. Davol and Bard negligently and carelessly designed, manufactured, tested, and supplied the Kugel Patch with its "memory recoil ring" such that the product was dangerous and unsafe for the use and purpose for which it was intended.

23. Davol and Bard were aware of the probable consequences of the Kugel Patch and its "memory recoil ring". Davol and Bard knew or should have known the Kugel Patch would cause serious injury. They failed to disclose the known and knowable risk associated with the Kugel Patch. Davol and Bard willfully and deliberately failed to avoid these consequences, and in doing so, they acted in conscious disregard of the safety of

Plaintiff.

24. Defendants, Davol and Bard owed a duty to Plaintiff to adequately warn her and her treating physicians of the risk of breakage, separation, tearing and splitting associated with the Kugel Patch and its memory recoil ring, and the resulting harm and risk it would cause patients, including Plaintiff.

25. Defendants, Davol and Bard breached their duty by failing to comply with Federal regulations concerning the study, testing, design, and development, of the Kugel Patch and the "memory recoil ring".

26. As a direct and proximate result of the duties breached, the Kugel Patch used in Plaintiff's hernia repair surgery failed, resulting in Plaintiff's pain and harm.

27. The conduct of Davol and Bard in continuing to market, sale and distribute the Kugel Patch after obtaining knowledge the Kugel Patch and the "memory recoil ring" was failing and not performing as represented and intended showed complete indifference to or a conscious disregard for the safety of others, justifying an award of additional damages for aggravating circumstances in such a sum which will serve to deter Davol, Bard and others from similar conduct in the future.

**COUNT II**

28. Plaintiff re-alleges and incorporates by reference each and every allegation contained in preceding paragraphs.

29. Defendants Davol and Bard are strictly liable to Plaintiff in the following respects: Davol and Bard designed, manufactured, and sold the Kugel Patch for hernia repair surgery. The Kugel Patch and the "memory recoil ring" provided the Plaintiff was

defective because it failed to perform safely and effectively for the purpose it was originally designed. Plaintiff's Kugel Patch is a Class I recalled device that failed while in her body, causing her to develop serious physical complications, which have required several surgeries and which will require subsequent, painful and unnecessary removal surgery of her Kugel Patch.

At all times mentioned, the Kugel Patch and "memory recoil ring" was substantially in the same condition as when it left the possession of Davol, and the Kugel Patch implanted into Plaintiff was being used in a manner reasonably anticipated at the time it was implanted in her.

30. The Kugel Patches, like the one used in Plaintiff at the time they left the possession of Davol and Bard were inherently dangerous for their intended use and were unreasonably dangerous products which presented and constituted an unreasonable risk of danger and injury to Plaintiff in the following respects:

a. The Kugel Patch and its "memory recoil ring" was sold in a defective condition by design and manufacture;

b. The Kugel Patch and its "memory recoil ring" as designed and manufactured was unsafe to Plaintiff;

c. The Kugel Patch and its "memory recoil ring" as designed and manufactured was unreasonably dangerous to Plaintiff;

d. The Kugel Patch and its "memory recoil ring" did not perform safely as an ordinary consumer/patient like Plaintiff would expect.

e. The Kugel Patch and its "memory recoil ring" as designed and manufactured

was unsafe for its intended use;

f. Davol and Bard knew the component parts of the Kugel Patch as implemented through design and/or manufacture could cause injury to the end user;

g. Failing to implement an adequate and safe "memory coil rings".

31. Davol's and Bard's conduct in continuing to market, sale and distribute the Kugel Patch with its "memory recoil ring", after obtaining knowledge they were failing and not performing as represented and intended, showed complete indifference and conscious disregard for the safety of others justifying an award of additional damages for aggravating circumstances in such a sum which will serve to deter Davol, Bard, and others from similar conduct in the future.

**COUNT III**

**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

32. Plaintiff re-alleges and incorporates by reference each and every allegation in preceding paragraphs.

33. Defendants Davol and Bard are liable to Plaintiff for the negligent infliction of emotional distress. Plaintiff suffered severe emotional distress, which was a result of Defendant's negligent conduct in designing, testing, manufacturing and distributing the Kugel Patch, with its "memory recoil ring", for hernia repair surgery.

34. Plaintiff suffered severe emotional distress, which was a direct result of Davol's and Bard's negligent conduct in failing to adequately and safely design and construct the Kugel Patch with its "memory recoil ring" for hernia repair surgery, therefore,

Davol and Bard are liable to Plaintiff.

35. Davol's and Bard's conduct in continuing to market, sale and distribute the Kugel Patch with its "memory recoil ring" after obtaining knowledge they were failing and not performing as represented showed complete indifference and conscious disregard for the safety of others justifying an award of additional damages for aggravating circumstances in such a sum which will serve to deter Davol, Bard, and others from similar conduct in the future.

**COUNT IV**

**FAILURE TO WARN**

36. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs.

37. In the course of business, Davol and Bard designed, manufactured and sold the Kugel Patch for hernia repair surgeries.

38. At the time of the design, manufacture and sale of the Kugel Patch, with its "memory recoil ring", as specifically at the time Plaintiff received the Kugel Patch, it was defective and unreasonably dangerous when put to its intended and reasonably anticipated use. Further, the Kugel Patch was not accompanied by proper warnings regarding significant adverse consequences associated with the Kugel Patch and its "memory recoil ring".

39. Davol and Bard failed to provide any warnings, labels or instructions of its dangerous propensities that were known or reasonably scientifically knowable at the time of distribution. The reasonably foreseeable use of the product involved significant dangers

not readily obvious to the ordinary user of the product. Davol and Bard failed to warn of known or knowable injuries associated with malfunction of the Kugel Patch and its "memory recoil ring".

40. The dangerous and defective conditions in the Kugel Patch and its "memory recoil ring" existed at the time they were delivered by the manufacturer. At the time Plaintiff had her hernia repair surgery, the Kugel Patch and its "memory recoil ring" were in the same condition as when manufactured, distributed and sold.

41. Plaintiff did not know at the time of the use of the Kugel Patch, nor at any time prior thereto, of the existence of defects in the Kugel Patch and its "memory recoil ring".

42. Plaintiff suffered injuries and damages as a direct result of Davol's and Bard's failure to warn.

43. The conduct of Davol and Bard in continuing to market, promote, sell and distribute the Kugel Patch after obtaining knowledge that the "memory recoil ring" was failing, and not performing as represented and intended, showed a complete indifference to or conscious disregard for the safety of others justifying an award in such sum which will serve to deter Davol, Bard, and others for similar conduct.

WHEREFORE, Plaintiff asks that her complaint be received and filed, that process issue for the Defendant, and that upon a trial of her case, she be awarded judgment, for actual and punitive damages, in an amount to be shown during the trial of this matter.

Respectfully Submitted,

MARGARET WILLIAMS, PLAINTIFF

BY: DOWDY & COCKERHAM

OF COUNSEL

WAYNE DOWDY, MSB # 6177
DOWDY & COCKERHAM
ATTORNEYS AT LAW
215 East Bay Street
Post Office Box 30
Magnolia, Mississippi 39652
(601) 783-6600